IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHENEQUA S. BIBLES, *Individually and as Next Friend of* CALIA-BIBLES MOORE, *a minor*, ERIKA BAILEY, *Individually and as Next Friend of* DONOVAN MOORE, *a minor*, DANYELL MANLEY, *Individually and as Next Friend of* ERIN MOORE *and* ERIC MOORE, *minors*, ANITA WILLIAMS, *Individually, and on Behalf of the* ESTATE OF CALVIN J. MOORE, JR., *and* CALVIN J. MOORE, SR*., Individually and on Behalf of the* ESTATE OF CALVIN J. MOORE, JR., | § § § § § § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:08-CV-1795-M |
| v. | § § | |
| THE CITY OF IRVING, TEXAS, LANDON ROLLINS, *Officer*, and ROBERT REEVES, | § § § § | |
| Defendants, | § | |
| v. | § § | |
| SHACKELFORD, MELTON & MCKINLEY, LLP | § § § § | |
| Intervenor. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Leave to Intervene of Shackelford, Melton &

McKinley, LLP ("Intervenor") [Docket Entry #19]. The Motion is **GRANTED**, for the reasons

described below, subject to conditions described at the conclusion of this Order.

*Background*

On October 9, 2008, Plaintiffs Chenequa S. Bibles, Erika Bailey, Danyell Manley, Anita

Williams and Calvin J. Moore, Sr., filed a complaint against the City of Irving, Texas, and Police

Officers Larry Boyd, Landon Rollins, and Robert Reeves ("Defendants"), alleging civil rights violations.[1]

The Intervenor's evidence, in the form of the Affidavit of its Managing Partner, John Shackelford, is as follows. In November, 2007 and August, 2008, each Plaintiff signed a separate Attorney-Client Retainer Agreement ("Agreement"). Each Agreement was printed on Shackelford, Melton & McKinley, LLP letterhead. The text of each Agreement refers to an agreement between a "Client," which names the respective Plaintiff, and an "Attorney," identified as Daryl K. Washington. At the time that each Agreement was signed, Daryl K. Washington ("Washington") was a non-equity partner employed by Intervenor. Intervenor paid Washington, and according to Intervenor, Washington was prohibited from performing any legal work other than work performed for Intervenor. Washington and other Intervenor employees worked on Plaintiffs' case. Each employee kept track of his or her time on Intervenor's billing system. Washington worked on Plaintiffs' case beginning in November, 2007 until he voluntarily quit working for Intervenor on March 5, 2009.

Upon Washington's departure, Plaintiffs requested that each of their files be transferred to Washington. Intervenor asserts that Plaintiffs did not discharge Intervenor for cause, and that its billing records reflect that 136.6 hours were spent on Plaintiffs' file, for a value of $36,231.00. Additionally, Intervenor advanced $2,232.96 in expenses for Plaintiffs' case, for which Plaintiffs have not paid Intervenor.

On May 28, 2009, Intervenor filed a Motion for Leave to Intervene and Brief in Support [Docket Entry #19]. On June 17, 2009, Plaintiffs and Defendants each filed a Response in Opposition [Docket Entries #21, 22]. Intervenor filed a Reply [Docket Entry #23] on July 2, 2009.

---

[1] Officer Larry Boyd has been dismissed from the case.

*Standard*

For a party to be entitled to intervene in a suit as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), the intervenor must meet four criteria:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.[2]

Each of the above requirements must be met, or a party may not intervene as of right.[3] The court *must* grant a motion for leave to intervene when all four criteria are met.[4]

*Discussion*

**A. Arguments asserted by Intervenor, Plaintiffs, and Defendants**

Intervenor asserts that it was hired on a contingency fee basis to represent Plaintiffs and that it was discharged without cause before the representation was complete. Therefore, Intervenor claims that it is entitled to intervene under Fed. R. Civ. P. 24(a)(2). Defendants argue in response that adding Intervenor to the suit will "involve separate factual and legal matters that are not related to the underlying suit."[5] Defendants object to the intervention, asserting that it is more appropriate to resolve Intervenor's claim in separate litigation. Plaintiffs separately object to the intervention, arguing: (1) that Washington acted in his individual capacity instead of acting on behalf of Intervenor because a contract never existed between Intervenor and Plaintiffs, (2) allowing intervention would prevent Plaintiffs from being "master of [their] suit,"[6] (3) Intervenor cannot establish that existing parties do not adequately represent its interest, and (4) Intervenor is

---

[2] *Haspel & Davis Milling & Planting Co. v. Board of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).
[3] *Id.*
[4] Fed. R. Civ. P. 24(a).
[5] Defs.' Resp. at 2 ¶ 1.
[6] Pls.' Resp. at 3-4.

not so situated such that the disposition of this lawsuit will impair or impede its ability to protect its interest. Plaintiffs also contend that this Motion should be denied because Plaintiffs and Intervenor share the same ultimate goal, so Plaintiffs will effectively protect Intervenor's interest. Both Plaintiffs and Defendants assert that Intervenor does not have a legitimate "interest" in the suit to intervene as required by Fed. R. Civ. P. 24.[7]

Intervenor argues in its Reply that the parties do not adequately represent Intervenor's interest, and that Plaintiffs and Intervenor do not share the same ultimate interest.

**B. Whether Intervenor's action is more appropriate for separate litigation.**

Defendants argue that Intervenor's action is better suited for a separate litigation because it involves separate legal and factual matters and it would be more efficient. Defendants never explicitly state this argument as an objection to timeliness, but the Defendants argue prejudice due to the increased amount of time and money Defendants would need to litigate new legal and factual matters raised in the intervention. The Court will construe Defendants' argument as an objection to timeliness because one of the factors for timeliness is prejudice to the parties currently in the suit.[8] There are four factors the Fifth Circuit uses to determine timeliness:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.[9]

---

[7] Pls.' Resp. at 6 ("[Intervenor] has failed to prove that it has agreements with the Plaintiffs.); Defs.' Resp. at 3 ("[Intervenor] does not have a clearly defined legal right."). Plaintiffs also assert that even if Intervenor does have a legitimate interest pursuant to Fed. R. Civ. P. 24, the Motion must still be denied because the arbitration clause in the Attorney-Client Retainer Agreement prevents the intervention. Pls.' Resp. at 2. However, that argument must await a determination until after a party moves to compel arbitration.
[8] If the Court does not construe the argument as an objection to timeliness, the argument has no merit.
[9] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Defendants appear to object to the second factor regarding prejudice because the Defendants express concern about the additional cost that would be required if Intervenor is allowed into the suit. However, the Court may only properly consider the prejudice that occurred as a result of the Intervenor not bringing the action *earlier*.[10] Defendants do not argue that the intervention should have been sought earlier, nor do they argue prejudice as a result of when the intervenor action was pursued. Instead, Defendants only argue that they will suffer prejudice if the intervention is allowed. Therefore, Defendants' argument is without merit.

**C. Whether Intervenor meets the requirements of a Rule 24 intervenor.**

*1. Whether Intervenor has a sufficient interest relating to the property or transaction that is the subject of the action.*

A sufficient interest is a "direct, substantial, [and] legally protectable" interest.[11] The law in the Fifth Circuit is clear that a discharged attorney must have a sufficient, protectable interest relating to the property or subject of the action to intervene as of right.[12] For example, in *Gaines v. Dixie Carriers, Inc.,* a client signed a contingent fee agreement with the law firm of Plotkin, Sapir & Bradley, which stated that "either party could dispose of the claim without the written consent of the other party."[13] After the law firm spent a significant amount of time working on the client's case, the client discharged the firm without cause and substituted a new firm to continue the action. The Fifth Circuit held that the discharged firm had a sufficient interest to intervene.[14] In the case before the Court, the alleged contract between Plaintiffs and Intervenor

---

[10] *Ross v. Marshall*, 426 F.3d 745, 755 (5th Cir. 2005).
[11] *Sierra Club*, 18 F.3d at 1207 (*quoting Piambino v. Bailey,* 610 F.2d 1306, 1321(5th Cir. 1980)).
[12] *E.g.*, *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *Keith v. St. George Packing Co.*, 806 F.2d 525 (5th Cir. 1986); *Gilbert v. Johnson,* 601 F.2d 761 (5th Cir. 1979).
[13] *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 53 (5th Cir. 1970).
[14] *Id.* at 54.

included a clause which provided: "Client agrees to grant Attorney a lien and security interest in any recovery had by Client with respect to the matters that attorney is representing Client on . . . ."[15] In *Gilbert v. Johnson*, the Fifth Circuit concluded, citing *Gaines*, that a lien on an eventual recovery made in exchange for compensation for legal services is a sufficient interest to allow intervention under Fed. R. Civ. P. 24.[16]

Plaintiffs urge this Court that *Gaines* is no longer applicable in light of the Fifth Circuit's decision in *Valley Ranch Dev. Co. v. FDIC*. However, *Valley Ranch* is distinguishable from Intervenor's case because *Valley Ranch* involved a case in which the client's current attorney sought to intervene, alleging that the client was attempting to deny the attorney his fees.[17] The court stated that *Gaines* does not extend to an attorney currently representing his client unless the attorney can show that the client colluded to deny the attorney his fee.[18] *Gaines* is still the law in the Fifth Circuit, and Intervenor is not required to assert collusion, as Plaintiffs suggest. Plaintiffs cite district court decisions contrary to *Gaines*, suggesting that this Court should no longer follow *Gaines*.[19] As the Southern District of Texas recently noted, *Gaines* is still the law of the Fifth Circuit,

> although the rule announced in *Gaines* and *Gilbert*—that an attorney with a contingency fee agreement or who has otherwise sufficiently worked on a matter to establish an interest in a case may intervene as a matter of right under Rule 24—has been called into doubt, it remains the law of the circuit.[20]

In the case before the Court, Washington represented Plaintiffs while employed by Intervenor. There are questions of fact as to whether or not the retainer agreement was between

---

[15] Intervenor's Ex. A-F; Attorney-Client Retainer Agreement at 2.
[16] *See Gilbert v. Johnson,* 601 F.2d 761, 767 (5th Cir. 1979).
[17] *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 556 (5th Cir. 1992).
[18] *Id.* ("We hold that so long as the existing agency relationship is not terminated, as by the opposite party's buying out the client's interest, the attorney must be bound by that election.") (quoting *Dow Chem. Co. v. Benton,* 357 S.W.2d 565, 568 (Tex. 1962)).
[19] Pls.' Resp. at 7 (citing *Alam v. Mae*, No. H-02-4478, 2007 WL 4411544 (S.D. Tex. Dec. 7, 2007) (Rainey, J.)).
[20] *Alam v. Mae*, No. H-02-4478, 2007 WL 4411544, at *4 (S.D. Tex. Dec. 7, 2007) (Rainey, J.).

Intervenor and Plaintiffs or Washington and Plaintiffs.[21]  However, assuming the contract was between Intervenor and Plaintiffs, Intervenor is the discharged attorney, and Washington is the substituted counsel.  Under this theory, Intervenor has a lien on any recovery Plaintiffs might receive.  Therefore, Intervenor has a sufficient interest to fall under *Gaines*, and can properly bring the intervenor action under Fed. R. Civ. P. 24.  Additionally, under Texas law, Intervenor may seek damages to enforce the contract, or seek compensation in quantum meruit.[22]

2. *Whether existing parties adequately represent Intervenor's interest.*

Plaintiffs assert that Intervenor has not shown how Plaintiffs do not adequately represent Intervenor's interest.  Intervenor argues that Fifth Circuit authority allows it to intervene.

In order to show that the existing parties do not adequately represent an intervenor's interest, all an intervenor must show is that the existing representation *may* be inadequate.[23]  Fifth Circuit precedent establishes that a discharged attorney may intervene because the existing parties do not adequately represent the discharged attorney's interest.[24]

Intervenor asserts that even if Plaintiffs receive a favorable judgment, the funds may be disposed of before Intervenor would be able to pursue and conclude separate litigation to recover the funds.  The Court concludes that the existing parties do not adequately protect Intervenor's interests.

---

[21] The retainer agreement was written on Intervenor letterhead, but the body of the retainer agreement refers only to Washington as "Attorney" and each Plaintiff as "Client."  Intervenor's Ex. A-F.  Under similar circumstances, the Texas Court of Appeals in Houston, applying Texas contract law to retainer agreements, determined that, because the parties to the contract were ambiguous, that interpretation of the contract was a proper fact question for the jury. *Anglo-Dutch Petroleum Intern., Inc. v. Greenberg Peden, P.C.*, 267 S.W.3d 454, 468 (Tex. App.—Houston [14th Dist.] 2008).  However, the fact issue in this case is not an issue in the current analysis, contrary to Plaintiffs' suggestion.

[22] *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006).

[23] *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002); *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) ("The requirement that an intervenor not be adequately represented by existing parties 'is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal.'") (*quoting Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)).

[24] *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970).

Plaintiffs also assert that Intervenor has the same ultimate goal as Plaintiffs, and is therefore precluded from intervening under the Fifth Circuit case of *Kneeland v. NCAA*. Under *Kneeland*, if an intervenor has the same ultimate interest as a party to the suit, then the existing parties presumably represent the intervenor's interests adequately.[25] In *Kneeland*, Rice University ("Rice") and Southern Methodist University ("SMU") attempted to intervene in an action between plaintiffs, Belo Broadcasting Company and its bureau chief, Carole Kneeland, and defendants, the National Collegiate Athletic Association ("NCAA") and the Southwest Conference ("SWC"). The plaintiffs sought to compel the defendants to disclose all records of investigations regarding recruiting practices at SMU.[26] SMU and Rice conceded that they shared a common interest with the plaintiffs, but argued that they had a *greater* interest than the plaintiffs.[27] In the case before this Court, Intervenor does not concede to have the same interest. Additionally, *Gaines* establishes that a discharged attorney may intervene as of right under Fed. R. Civ. P. 24.

*3. Whether Intervenor is so situated that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect its interest.*

Plaintiffs cite *Keith v. St. George Packing Co.* to assert that Intervenor can protect its interest in another way, so intervention as of right is not justified. Intervenor responds by arguing that additional litigation would require Intervenor to pay more out-of-pocket attorney's fees. Intervenor also asserts that even if additional litigation is pursued against Plaintiffs' counsel, it may not recover.

The facts of *Keith v. St. George Packing Co.* are virtually indistinguishable from *Gaines*. The Fifth Circuit determined that the discharged attorney in *Keith* had an interest in the subject

---

[25] *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987).
[26] *Id.* at 1286.
[27] *Id.* at 1288.

of the action and was so situated that disposing of the action might, as a practical matter, impair or impede the discharged attorney's ability to protect his interest.[28] While questioning the logic of *Gaines*, the Fifth Circuit still adhered to *Gaines*, and allowed the attorney to intervene.

**D. Whether an intervenor action prevents a plaintiff from being master of the suit.**

Plaintiffs argue that allowing intervention would prevent a plaintiff from being the master of the suit. However, Plaintiffs' argument fails in light of the text of Fed. R. Civ. P. 24(a). The rule states, "[o]n timely motion, the court *must* permit anyone to intervene who . . . ."[29] The Court *must* allow intervention if the requirements of Fed. R. Civ. P. 24(a)(2) are met, because Intervenor's action is an intervention as of right.

**E. Intervenor's participation in the suit.**

An intervenor under Rule 24(a)(2) is "generally treated as an original party to an action"[30] and has "equal standing with the original parties,"[31] but the district court may impose reasonable conditions on a party who intervenes as of right.[32] These conditions may include limiting the intervenor's participation in discovery or limiting the intervenor's participation to a single issue.[33]

*Conclusion*

Intervenor's Motion for Leave to Intervene is **GRANTED** with the following conditions:

(1) Intervenor may only participate in discovery related to its lien interest in a potential judgment or settlement. If Intervenor decides to initiate discovery, its discovery

---

[28] *Keith v. St. George Packing Co.,* 806 F.2d 525, 526 (5th Cir. 1986). The Court stated, "Although *Gaines* may not represent the most persuasive use of Fed. R. Civ. P. 24, it binds us as the law of this Circuit until modified en banc." *Id.* Plaintiffs urge this Court that *Gaines* is no longer the law of this Circuit; however, it is clear that this Court is bound by the *Gaines* case law unless the Fifth Circuit overturns it *en banc*.
[29] Fed. R. Civ. P. 24(a) (emphasis added).
[30] *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 354 n.9 (5th Cir. 1997).
[31] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).
[32] *Beauregard, Inc.*, 107 F.3d at 353.
[33] *Id.* at 354 n.9.

requests must be submitted to the Court for review and approval.  Intervenor is not entitled to participate in discovery with regard to the merits of the case.

(2) Intervenor is limited to participation in this litigation for one issue—protection of an asserted lien interest in a potential judgment or settlement.  After the other parties litigate the merits of the case, issues relating to the asserted lien will be separately determined.

**SO ORDERED**.

July 28, 2009.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**