IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHACKELFORD, MELTON & McKINLEY, LLP, | § § § | |
| Intervenor, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-1795-M |
| CHENEQUA S. BIBLES, Individually and as Next Friend of CALIA BIBLES-MOORE, a Minor, ERIKA BAILEY, Individually and as Next Friend of DONOVAN MOORE, a Minor, DANYELL MANLEY, Individually and as Next Friend of ERIN MOORE and ERIC MOORE, Minors, ANITA WILLIAMS, on Behalf of the ESTATE OF CALVIN J. MOORE, JR., Deceased, and CALVIN J. MOORE, SR., Individually, | § § § § § § § § § § § § | |
| Counter-Defendants, | § § | |
| and DARYL K. WASHINGTON, | § § § | |
| Third-Party Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Third-Party Defendant Daryl K. Washington's Motion for Summary Judgment against Intervenor [Docket Entry #78].[1]  For the reasons explained below, the Motion is **DENIED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

On May 26, 2010, the Court held a hearing and approved an agreement settling all of the underlying claims of the original Plaintiffs, now Counter-Defendants, in this case, the substance

---

[1] While the original Plaintiffs have been added as Counter-Defendants to preserve the Intervenor's claims, they are not real parties to this remaining action.  For this reason, the Court refers to Third-Party Defendant Daryl K. Washington as if he were the sole defendant named in Intervenor's complaint.

of which are irrelevant here. On June 18, 2010, the Court entered a final judgment apportioning the settlement payments and setting aside in the Court's registry the sum of $167,851.80 for attorney fees, costs and expenses pending determination of the competing claims of Daryl K. Washington and Intervenor, the law firm of Shackelford, Melton & McKinley, LLP ("Shackelford"), to this sum.

Washington and Counter-Defendants signed an engagement agreement on August 15, 2008, during Washington's association with Shackelford as a non-equity partner. Suit was filed on their behalf on October 9, 2008. After Washington "involuntarily separated" from Shackelford on March 5, 2009, he continued to represent Counter-Defendants in this case. On May 25, 2010, Shackelford filed an Amended Complaint in intervention against Washington and Counter-Defendants, seeking an equitable share of the attorney fees and costs under various theories of breach of contract, quantum meruit, breach of fiduciary duty and conversion, and seeking a declaratory judgment. Washington now moves for summary judgment on Shackelford's claims.

## II.  LEGAL STANDARD

Summary judgment is warranted if the pleadings, discovery, disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[2] A genuine issue of material fact exists when a reasonable jury could find for the non-moving party.[3] The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of

---

[2] Fed. R. Civ. P. 56(c).
[3] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

material fact.[4]  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.[5]  In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant."[6]

### III.   ANALYSIS

Washington fails to meet his initial burden of showing that there is no genuine issue as to any material fact.  First, Washington's argument that there are no written contracts between Counter-Defendants and Shackelford is not supported by the evidence.  The attorney-client retainer agreements signed by each Counter-Defendant are on Shackelford's letterhead, clearly identify Washington as a partner, and were negotiated by Washington during his association with Shackelford.[7]  Nor does competent evidence support Washington's argument that the initial retainer agreements are for *pro bono* representation.  The agreements clearly state that each Counter-Defendant will pay a fee for services rendered in the amount equal to one-third of the gross sum of all money recovered, if the matter is resolved before trial, or forty percent of the gross sum recovered if the matter goes to trial.[8]  At best, there is a question of fact as to whether there was a meeting of the minds on the fee arrangements.  Therefore, Washington is not entitled to summary judgment on Shackelford's breach of contract, breach of fiduciary duty or conversion claims, all of which relate to his ability to contract for himself while he worked for the firm.

---

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 325).
[5] *See* Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[6] *Lynch Props.*, 140 F.3d at 625 (citation omitted).
[7] *See* Plaintiffs' Motion, Exs. 2-7.
[8] *See id.*

Washington also fails to show that there are no genuine factual disputes with regard to Shackelford's alternative quantum meruit claim. In sole support of his argument that he is not liable under a theory of quantum meruit, Washington points to ambivalent deposition testimony from Johnny Shackelford and from Subvet James, an associate at Shackelford, to show that Washington was the only partner at Shackelford who was "able to perform" on the agreements with Plaintiffs. This evidence is insufficient to conclude, as a matter of law, that Washington is entitled to summary judgment on Shackelford's quantum meruit claim.

Finally, for all the above reasons, Washington may not prevail on his motion for summary judgment on Shackelford's declaratory judgment claim.

## IV. CONCLUSION

Because Washington is not entitled to judgment as a matter of law, his Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

June 22, 2010.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**